In earlier proceedings the plaintiff law firm sought an order compelling the defendant, Ralph Sbrogna (formerly one of the firm's attorneys), to return to the firm a contingency fee Sbrogna retained after he separated from the firm. A Superior Court judge ruled on summary judgment that the firm was entitled to the entirety of the disputed fee. After summary judgment entered, the firm sought an award of its attorney's fees and costs, arguing that Sbrogna's defense had been advanced in bad faith. See G. L. c. 231, § 6F. The same Superior Court judge denied the firm's § 6F motion, concluding that "this Court cannot say that the legal position that Sbrogna took regarding the contingent fee was frivolous or advanced in bad faith."
 

 Sbrogna appealed the summary judgment to a full panel of this court; we affirmed that judgment in an unpublished order.
 
 Fletcher Tilton, P.C
 
 . v.
 
 Sbrogna
 
 ,
 
 91 Mass. App. Ct. 1105
 
 (2017) (
 
 Sbrogna I
 
 ). The firm appealed the judge's § 6F order to the single justice. After we released the
 
 Sbrogna I
 
 order, the single justice affirmed the Superior Court judge's § 6F order. In this appeal, we consider the single justice's order.
 

 Despite the firm's attempt to reargue the underlying merits, our review of the single justice's order is "of extremely limited scope."
 
 Danger Records, Inc
 
 . v.
 
 Berger
 
 ,
 
 444 Mass. 1
 
 , 11 (2005). "Thus, we review the single justice's order only for abuse of discretion or other error of law."
 
 Fronk
 
 v.
 
 Fowler
 
 ,
 
 456 Mass. 317
 
 , 328 (2010). The record before us demonstrates no such abuse or other error of law. To the contrary, we concur with both the Superior Court judge and the single justice that, as perhaps foreshadowed in
 
 Sbrogna I
 
 when we denied the firm's request for its appellate attorney's fees and costs, while Sbrogna's defenses were "weak, we also do not find them so lacking in substance as to warrant" imposition of § 6F sanctions.
 

 Order of the single justice affirmed
 
 .